# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**FARHAN NASEER,**

> **Plaintiff,**

-vs-                                                    **Case No.  6:08-cv-1360-Orl-22KRS**

**MIRABELLA FOUNDATION,**

> **Defendant.**

---

## ORDER

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **AMENDED EMERGENCY MOTION TO DISSOLVE LIS PENDENS OR, IN THE ALTERNATIVE, TO SET BOND (Doc. No. 15)** |
| **FILED:** | **November 5, 2008** |

## I. INTRODUCTION.

Defendant Mirabella Foundation ("Mirabella") appears for the limited purpose of filing the instant emergency motion to dissolve a lis pendens filed against property it owns. Doc. No. 15. Mirabella "is the legal and equitable owner of . . . Unit 101 Belle Terre of Wekiva Oaks," a condominium located in Longwood, Florida. Doc. No. 15 at 1. On July 30, 2008, non-party Brian Neiman transferred the condominium to Mirabella by quit-claim deed. Doc. No. 1 at 5.[1] Doc. No. 1

---

[1] The deed recites "the sum of Ten ($10.00) and 00/100 Dollars" as consideration. The recitation of consideration in a deed raises a presumption thereof and is conclusive for the purpose of giving effect to the operative words of the deed. *Saltzman v. Ahern*, 306 So.2d 537 (Fla. 1st Dist. Ct. App. 1975); *Fla. Moss Prods. Co. v. City of Leesburg*, 112 So. 572 (Fla. 1927). Under Florida law, even nominal consideration will support a deed, and the sufficiency of the consideration is not a

at 3 ¶ 11-12. On August 6, 2008, the Circuit Court of Broward County heard oral argument on a Motion for Entry of Judgment filed by Naseer and two other plaintiffs in a state action against Neiman, but not involving Mirabella. Doc. No. 1 at 3, 7-8. On the same day, the Court entered a judgment for Naseer and the two other plaintiffs, jointly awarding them money damages from Neiman and a defendant corporation in the amount of $530,000.00. *Id.*

On August 8, 2008, Naseer filed the instant action seeking avoidance of the quitclaim deed, attachment of the condominium, an injunction against disposition of the condominium, and an entry permitting Naseer to levy and execute on the condominium in light of the Broward County judgment and because of the allegedly fraudulent quit-claim deed. Doc. No. 1 at 4. On the same day, Naseer recorded a Notice of Lis Pendens against the condominium pursuant to the instant action. Doc. No. 15 at 12 (recorded copy); *see also* Doc. No. 2 (unrecorded copy).

On October 10, 2008, Mirabella executed an agreement to sell the condominium to a third party, a copy of which is attached to Mirabella's motion. Doc. No. 15 at 13-16. Mirabella also filed the affidavit of Juan F. Agurto Medina, the "Corporate Officer and Beneficiary of Mirabella Foundation." Doc. No. 16 at 3 ¶ 3. Agurto Medina avers the Notice of Lis Pendens prevents Mirabella from closing the sale of the property, since the buyer requires Mirabella to convey clear title. *Id.* at 3 ¶ 8; *see also* Doc. No. 15 at 4 ¶ 8 ("Buyer will not purchase the Property with Plaintiff's Notice of Lis Pendens extant. Buyer has demanded the Lis Pendens be removed as a condition of the sale."). The

---

relevant basis upon which a deed may be avoided. *E.g.*, *Kingsland v. Godbold*, 456 So.2d 501, 502 (Fla. 5th Dist. Ct. App. 1984). Naseer asserts the transfer was effected without sufficient consideration, allegedly in advance of an arbitrator's binding decision on July 31, 2008, in an action involving Neiman and Naseer, but not Mirabella. Naseer has not filed a copy of the arbitrator's decision or any other evidence concerning the nature of the arbitration or otherwise supporting his assertions.

-2-

contract recites a closing date of Monday, November 10, 2008. *Id.* at 13 ¶ 4. On November 5, 2008, Mirabella filed the instant motion. Doc. No. 15.

Pursuant to this Court's Order, Doc. No. 17, Naseer responded to Mirabella's motion. Doc. No. 18. Naseer's complaint claims the quit-claim deed that transferred title to Mirabella was a fraudulent conveyance from Neiman. Doc. No. 1. In his response, Naseer reasserts this claim. He also asks the Court not to consider the motion as an emergency because Mirabella unreasonably delayed filing its motion, since it entered into the purchase contract on October 10, 2008, and waited until November 5, 2008, to file, artificially creating the "emergency" condition through its inaction. Doc. No. 18 at 3; *see also* Doc. No. 15 at 16 (reflecting execution date of October 10, 2008).

The bulk of Naseer's response is directed toward Neiman's alleged conduct prior to the Broward County judgment for money damages against Neiman. *See, e.g.*, Doc. No. 18 at 4-7, 10. Naseer attaches nearly two dozen exhibits to his instant motion concerning Neiman's past conduct in other cases unrelated to the instant case and Neiman's relationship with a third party notary. *Id.* Naseer uses unsupported allegations and his characterization of Neiman a "frauddoer" to justify the instant action against Mirabella. *See id.* at 13. Even if Naseer's allegations concerning Neiman's control of Mirabella are entirely accurate, though, they do not address the grounds for maintenance of a lis pendens under Florida law.

## II. APPLICABLE LAW.

*A. Sufficiency.*

The operation of a notice of lis pendens is governed by section 48.23, Florida Statutes. The statute contains six procedural requirements. A lis pendens must

1. be "recorded in the office of the clerk of the circuit court of the county where the property is"; and contain

2. "the names of the parties";

3. "the time of institution of the action";

4. "the name of the court in which [the action] is pending";

5. "a description of the property involved or to be affected";

6. "a statement of the relief sought as to the property."

Section 48.23(1)(a). If a plaintiff fails to include all of the statutorily required items, the notice of lis pendens is ineffective and should be dissolved. *Oz v. Countrywide Home Loans, Inc.*, 953 So.2d 619 (Fla. 3d Dist. Ct. App. 2007)(affirming dissolution of notice of procedurally deficient lis pendens); *DeGuzman v. Balsini*, 930 So.2d 752, 755 (Fla. 5th Dist. Ct. App. 2006)(holding that a notice of lis pendens failed to comply with section 48.23 because it did not state the time that an action was instituted, and it did not provide a statement of the relief sought as to the property).

*B. Fair Nexus*

In addition to permitting a lis pendens on the basis of a recorded instrument, such as a mechanic's lien, *see* section 48.23(2), section 48.23 also permits the Court to control a lis pendens whose underlying action has a fair nexus to the property. In the absence of a duly recorded instrument, where there is no "direct claim cognizable under the law against or upon the . . . property burdened by the lis pendens, . . . no lis pendens may be asserted under any conditions against the realty . . . ." *Sunrise Point v. Foss*, 373 So.2d 438, 439 (Fla. 3d Dist. Ct. App. 1979)(quashing order denying motion to discharge lis pendens); *see also Powerline Dev. Corp. v. Assor*, 458 So.2d 305, 306 (Fla.

3d Dist. Ct. App. 1984)(a claim which "does not directly affect the realty itself cannot justify the maintenance of a lis pendens upon it"). *See also Avalon Assoc. of Del. Ltd. v. Avalon Park Assoc., Inc.*, 760 So.2d 1132, 1134 (Fla. 5th Dist. Ct. App. 2000)(citing § 48.23(2), Fla. Stat.)("Unless the initial pleading shows that the action is founded on a duly recorded instrument, the effect of the filing is limited to one year, and the court has the power to 'control' the notice by discharging it, or requiring the party seeking to file a lis pendens to post a bond.").

Florida courts have held that a court will not dissolve a lis pendens "where the proponent can establish a fair nexus between the apparent legal or equitable ownership of the property and the dispute embodied in the lawsuit." *E.g.*, *Von Mitschke-Collande v. Kramer*, 869 So. 2d 1246, 1250 (Fla. 3d Dist. Ct. App. 2004). The test for "determining whether a fair nexus exists between ownership of property and the dispute embodied in a lawsuit, for purposes of maintaining a lis pendens, . . . is whether alienation of the property or the imposition of intervening liens conceivably could disserve the purposes for which lis pendens exists; where the answer is yes, fair nexus must be found." *Id.*

## III. ANALYSIS.

### A. Emergency Nature of Motion.

M.D. Fla. Local R. 3.01(e) states that "[t]he unwarranted designation of a motion as an emergency motion may result in the imposition of sanctions." A district court has authority to impose sanctions to promote judicial economy and efficiency and protect itself from abuse of the judicial process. *See, e.g.*, *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-50 (1991); *Procup v. Strickland*, 792 F.2d 1069 (11th Cir. 1986). As noted by the United States Supreme Court, "[e]very paper filed with [a court], no matter how repetitious or frivolous, requires some portion of the institution's limited

resources. A part of the [c]ourt's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *In re McDonald*, 489 U.S. 180, 184 (1989).

Absent evidence other than Naseer's allegations, the record reflects an emergency, given the impending closing date. As such, the Court will exercise its discretion to consider the motion, and will consider the issue of sanctions later in the case.

*B.  Sufficiency.*

Naseer's Notice of Lis Pendens was recorded in Book 07046, Page 0086 in the Clerk of Court for Seminole County, Florida, the county where the condominium is located. Doc. No. 15 at 12. It contains the caption from this case naming the parties and this Court, as well as a legal description of the condominium.[2] *Id.* However, the Notice does not contain the "time of institution of the action," nor does it contain "a statement of the relief sought as to the property." Section 48.23(1)(a). As such, regardless of whether Naseer could show that his claim was "cognizable under the law against or upon the . . . property burdened by the lis pendens," *Sunrise Point*, 373 So.2d at 439, his Notice of Lis Pendens is fatally deficient and contrary to the express language of section 48.23, and must be dissolved by the Court.

---

[2]  The property description also contains a scrivener's error, listing the property as part of "Wekvia Oaks" instead of "Wekiva Oaks."

*C. Fair Nexus.*

The facial deficiencies in the lis pendens prevent the Court from reaching the fair nexus question.   If a subsequent lis pendens is filed, and a motion to discharge it is renewed, Naseer must show the fair nexus under the law between the lis pendens and the present case.

## IV.  CONCLUSION.

For the foregoing reasons, Defendant Mirabella Foundation's Emergency Motion to Dissolve Lis Pendens is **GRANTED**.  The Lis Pendens against recorded at Book 07046, Page 0086 is hereby **DISSOLVED**.  Mirabella shall file a certified copy of this Order with the Clerk of Court for Seminole County, Florida.

**DONE** and **ORDERED** in Orlando, Florida on November 7, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE